UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Zikomo Z. Hendrix, a/k/a Hendrix Z. Zikomo, | ) ) ) | No. 6:24-cv-4185-DCC-BM |
| Plaintiff, | ) ) | |
| v. | ) ) | REPORT AND RECOMMENDATION |
| State Officials, Judge Alex Kinlaw, Brittany Scott, Judge Miller, John Waelde, | ) ) ) ) | |
| Defendants. | ) ) | |

Zikomo Z. Hendrix ("Plaintiff") brings this action proceeding pro se and in forma pauperis. This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that this action should be summarily dismissed without issuance and service of process.

**BACKGROUND**

Plaintiff commenced this action by filing a Complaint on the standard form. ECF No. 1. Plaintiff's allegations are confusing and difficult to decipher. He purports to assert causes of action for "vindictive prosecution" and violations of various rights including due process rights, "human" rights, "legal" rights, "natural" rights, "proprietary" rights, and others. *Id*. at 3.

Plaintiff has filed an attachment to his Complaint that includes additional allegations and copies of various documents from certain state court criminal proceedings. ECF No. 1-1. In that attachment, Plaintiff asserts that Defendants violated his rights during criminal proceedings against him. *Id*. at 1. He makes many rambling allegations throughout the attachment in which he appears

1

to challenge the legal proceedings against him in the state court and contends the Defendants named in this action lacked the authority to prosecute him. *Id*. at 1–13.

For his injuries, Plaintiff contends he has suffered from "civil injury," "legal injury," "personal injury," "continuing injury," "economic injury," "direct injury," and "injury in fact." ECF No. 1 at 5. He contends he has endured mental suffering and has been unable to hold a job or focus on the things he needs to do. *Id*. For his relief, Plaintiff seeks money damages and requests that all charges be removed from his record. *Id*.

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute, which authorizes the Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Further, this Court would possess the inherent authority to review a pro se complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the Complaint were not subject to the prescreening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." (citations omitted)). Accordingly, in addition to the screening requirements of § 1915(e)(2)(B), "[t]he present

Complaint is subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous." *Trawick v. Med. Univ. of S.C.*, No. 2:16-cv-730-DCN-MGB, 2016 WL 8650132, at *4 (D.S.C. June 28, 2016) (citation omitted).

Because Plaintiff is a pro se litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pro se Complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that, if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but the Court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). This is particularly true in a § 1983 action where "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). "In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. . . . Consequently, [defendants] must have had personal knowledge of and involvement in the alleged deprivation of [plaintiff]'s rights in order to be liable." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (internal quotation marks omitted).

## DISCUSSION

As an initial matter, it is unclear what causes of action Plaintiff intends to assert in his Complaint. Plaintiff cites numerous statutes, court rules, case law, and constitutional provisions. However, while Plaintiff appears to argue that his civil rights have been violated, his rambling, incoherent allegations simply fail to identify any plausible causes of action. And Plaintiff has not explained how any of the above-referenced rules, statutes, or constitutional provisions relate to his allegations or provide a cognizable basis for relief in this action as to the Defendants he has named. At best, liberally construed, the Complaint may be asserting a claim for malicious prosecution. In any case, this action is subject to dismissal for the reasons below.

**Defendants Entitled to Dismissal**

All of the named Defendants are subject to summary dismissal because Plaintiff does not allege facts showing their direct involvement in any alleged unconstitutional conduct, other than making bald assertions that they abused their power and lacked the authority to act. He makes only general, conclusory allegations about the alleged violations of his rights. "However, such general allegations, absent any specific facts of personal involvement in the events giving rise to this case, are insufficient to state a cognizable § 1983 claim." *Tracey v. Nelson*, No. 1:12-cv-1614-JMC-SVH, 2012 WL 4583107, at *2 (D.S.C. Aug. 31, 2012), *Report and Recommendation adopted by* 2012 WL 4588205 (D.S.C. Oct. 1, 2012). Because Plaintiff's cursory allegations fail to show the personal involvement of any Defendant in the violation of any right protected by law, Defendants are each entitled to summary dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).

Further, Defendants are entitled to dismissal because they are not persons subject to suit under 42 U.S.C. § 1983, to the extent this action is construed as such, or because they are immune from suit. Plaintiff has identified five Defendants. First, he names "State Officials." ECF No. 1 at 1. This Defendant is not a "person" subject to suit under § 1983. *See, e.g., Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (noting that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person"); *Will v. Mich. Dep't of*

5

*State Police*, 491 U.S. 58 (1989) (explaining that neither the state nor its agencies is a "person" within § 1983). Second, Plaintiff names two prosecutors—Brittany Scott and John Waelde. ECF No. 1 at 2–3. Prosecutors have absolute immunity when sued for actions taken within the scope of their duties. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (noting prosecutors have absolute immunity from suit when acting within the scope of their duties). Third, Plaintiff names two judges—Judge Alex Kinlaw and Judge Miller. ECF No. 1 at 2–3. Judges have absolute immunity from claims for damages arising out of their judicial actions. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Here, the judges and prosecutors appear to be sued for actions taken within the scope of their respective duties and they are therefore entitled to immunity. Accordingly, the Defendants named in this action are subject to dismissal from this action.

**Plaintiff's Claims are Subject to Dismissal**

Next, the Complaint as a whole is subject to summary dismissal because it is frivolous and fails to allege facts to support a plausible claim for relief. As noted, 28 U.S.C. § 1915 permits an indigent litigant to proceed in forma pauperis, which allows the litigant to commence a federal court action without prepaying the administrative costs of proceeding with the lawsuit. *See Staley v. Witherspoon*, No. 9:07-cv-195-PMD-GCK, 2007 WL 1988272, at *1 (D.S.C. July 3, 2007). However, the statute provides limitations to such actions by permitting the Court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." *Id.* (quoting 28 U.S.C. § 1915(e)(2)(B)). A complaint is deemed frivolous when it is "clearly baseless" and includes allegations that are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal quotation marks omitted) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)).

6

In reviewing for frivolousness or malice, the Court looks to see whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004). Although the Court must accept all well-pled allegations and review the Complaint in a light most favorable to plaintiff, *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), it is well-settled that the Court has the authority to dismiss claims that are obviously "fantastic" or "delusional," *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

Here, the claims in the Complaint are completely unexplained and unsupported by facts. The Court finds that Plaintiff's allegations—to the extent they can be understood—clearly fall within the statute's definition of frivolity. *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (noting examples of frivolous claims include those whose factual allegations are "so nutty," "delusional," or "wholly fanciful" as to be simply "unbelievable." (internal quotation marks and citations omitted)). Plaintiff's conclusory assertions fail to show any arguable basis in fact or law and Plaintiff fails to present allegations to support a claim for relief that is plausible. *See Neitzke*, 490 U.S. at 325 ("A suit is frivolous if it lacks an arguable basis in law or fact."); *see also Feurtado v. McNair*, No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007). Although Plaintiff has identified numerous federal statutes, rules, and constitutional provisions, he provides no allegations to show that any Defendant violated his rights in any way.

To the extent Plaintiff is asserting a claim for malicious prosecution, his claim fails. He references case numbers 2021A2330203401, 2021A2330203402, and 2021A2330203403, in the Greenville County Court of General Sessions, charging him with domestic violence of a high and

aggravated nature, kidnapping, and attempted murder. ECF No. 1-1 at 2, 11. A review of the Greenville County 13th Judicial Circuit Public Index shows that Plaintiff pled guilty to the domestic violence charge at case number 2021A2330203402 and was sentenced to time served with the other cases being dismissed as part of a plea agreement. *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/greenvile/publicindex/ (search by case numbers) (last visited Aug. 16, 2024).[1]

"To state a Fourth Amendment claim under § 1983 for malicious prosecution, Plaintiff must allege (1) the defendant seized him pursuant to legal process (e.g., a warrant) not supported by probable cause and (2) the criminal proceedings have terminated in his favor." *Brunson v. Timmons*, No. 4:22-cv-00882-RBH, 2022 WL 2155311, at *2 (D.S.C. June 15, 2022). Thus, "[t]he Fourth Amendment is not violated by an arrest based on probable cause." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "[A]n indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (internal quotation marks omitted); *see also Provet v. South Carolina*, No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (concluding that § 1983 claims of false arrest and malicious prosecution were precluded because of the issuance of an indictment). With respect to the favorable termination requirement of a malicious prosecution claim, the Supreme Court has held "that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some

---

[1] The Court may take judicial notice of the records from Plaintiff's state court proceedings. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

affirmative indication of innocence." *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022). Instead, "[a] plaintiff need only show that the criminal prosecution ended without a conviction." *Id.*

Upon review, the record before the Court does not establish that Plaintiff was seized pursuant to legal process unsupported by probable cause. Because Plaintiff was indicted on the charges brought against him, the indictments conclusively determine the existence of probable cause as to those charges.[2] Further, and critically, Plaintiff has failed to allege facts showing that any of the charges against him have been terminated in his favor. Indeed, Plaintiff pled guilty to the domestic violence charge, and he has not alleged facts showing that his conviction has been overturned on appeal or through a collateral attack. Because he has failed to show a favorable termination, his claim is without merit.

Finally, the Court notes that this is the third action filed by Plaintiff making similar allegations against at least some of the same Defendants. Plaintiff previously filed actions at case numbers 6:22-cv-1471 and 6:22-cv-3573-DCC. Both of those actions were summarily dismissed for the same reasons that the present case is subject to dismissal. The dismissal of the first case was affirmed by the United States Court of Appeals for the Fourth Circuit. *See Zikomo v. Johnson*, No. 22-7260 (4th Cir. Aug. 31, 2023). The present action constitutes an impermissible duplicate of those prior actions. "[R]epetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915 as frivolous." *Paul v. de Holczer*, No. 3:15-cv-2178-CMC-PJG, 2015 WL 4545974, at *6 (D.S.C. July 28, 2015) (internal quotation marks omitted) (holding

---

[2] The Supreme Court recently noted that that the existence of probable cause for one charge in a criminal proceeding does not create a categorical bar to bringing a malicious prosecution claim relating to other, baseless charges. *Chiaverini v. City of Napoleon, Ohio*, 144 S. Ct. 1745, 1750 (2024). Nevertheless, Plaintiff's claims as to all charges are subject to dismissal because he has failed to allege that his charges have been terminated in his favor.

the "Complaint should be summarily dismissed as a frivolous duplicate filing in the interest of judicial economy and efficiency"), *aff'd*, 631 F. App'x 197 (4th Cir. Feb. 4, 2016). The Fourth Circuit Court of Appeals has instructed that, "[b]ecause district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)." *Cottle v. Bell*, 229 F.3d 1142, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) (unpublished table decision); *Wilkins v. Harley*, No. 6:11-cv-3463-MBS-KFM, 2012 WL 256566, at *2 (D.S.C. Jan. 12, 2012) ("this duplicate § 1983 Complaint is frivolous and subject to summary dismissal"), *Report and Recommendation adopted by* 2012 WL 260159 (D.S.C. Jan. 27, 2012). Therefore, in the interests of judicial economy and efficiency, because the present action is a meritless duplicate of a prior lawsuit filed by Plaintiff, the present case is frivolous and subject to summary dismissal.[3]

## CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons above, it is recommended that the District Court dismiss this action pursuant to § 1915(e)(2)(B) without issuance and service of process.[4]

---

[3] Moreover, in case number 22-3573, the Court concluded that action was subject to dismissal as frivolous because the allegations in the complaint were premised in part on the sovereign citizen theory. *See Hendrix v. State Entities/Corp.*, No. 6:22-cv-3573-DCC-JDA, 2022 WL 20056300, at *4 (D.S.C. Dec. 9, 2022), *Report and Recommendation adopted in part by* 2023 WL 3865712 (D.S.C. June 7, 2023). Like that case, the Complaint in this case also bears the hallmarks of the sovereign citizen theory and is subject to dismissal as frivolous. For example, Plaintiff identifies himself as "Zikomo Z. Hendrix UCC1-308/311 ARR without prejudice." ECF No. 1 at 1, 6. And his claims against Defendants are based, at least in part, on sovereign citizen beliefs. As such, this case is patently frivolous like the cases before.

[4] In light of all of the foregoing, Plaintiff cannot cure the deficiencies in his Complaint and allowing Plaintiff to amend his pleadings therefore would be futile. This is so because, on the face of the Complaint, Plaintiff's allegations are frivolous. Further, Plaintiff has previously filed frivolous actions and has been warned against doing so. Therefore, the undersigned recommends that the District Court decline to give Plaintiff an opportunity to amend. *See Workman v. Kernell*, No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 n.7 (D.S.C. Oct. 2, 2018); *McSwain v. Jobs*, No. 1:13-cv-00890, 2014 WL 12672619, at *1 (M.D.N.C. Jan. 6, 2014) ("[G]iven the

IT IS SO RECOMMENDED.

                                                                   s/Bristow Marchant
                                                              United States Magistrate Judge

August 16, 2024
Greenville, South Carolina

        ***Plaintiff's attention is directed to the important notice on the next page.***

---

preposterous and frivolous nature of [the plaintiff's] complaint, it would be a waste of limited judicial resources to give him an opportunity to amend.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).