IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Hendrix Z. Zikomo, a/k/a Zikomo Z. Hendrix, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| State Officials, Judge Alex Kinlaw, Brittany Scott, Judge Miller, John Waelde, | ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 6:24-cv-04185-DCC

**ORDER**

This matter is before the Court on Plaintiff's complaint and attachments alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On August 16, 2024, the Magistrate Judge issued a Report recommending that this action be dismissed without issuance and service of process. ECF No. 12. Plaintiff filed objections. ECF No. 14.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends summary dismissal because Plaintiff has not alleged facts showing Defendants' direct involvement in any alleged unconstitutional conduct, Defendants are not subject to suit under 42 U.S.C. § 1983, Plaintiff's complaint is frivolous, and he has failed to state a claim for malicious prosecution. ECF No. 12.

In his objections, Plaintiff reiterates that Defendants are "guilty of 'wanton misconduct.'" ECF No. 14 at 1. He further contends that this Court is also committing "malicious act[s]." *Id.* at 2. He contends that he has produced substantial evidence in support of his claims throughout his previous litigation. ECF No. 14-1 at 2.[1] Plaintiff also alleges several concerns he has regarding his arrest and prosecution.[2]

---

[1] The Court notes that Plaintiff's objections have been filed as objections and an attachment. The Court believes that these should be read as one document and has done so.

[2] While not dispositive to the outcome of this case, the Court agrees with the Magistrate Judge that Plaintiff uses language rooted in sovereign citizen theory, including references to the Uniform Commercial Code and to himself as a "natural person" throughout his objections.

2

Significantly, Plaintiff has not put forward any plausible allegations refuting the Magistrate Judge's recommendation that Defendants are subject to summary dismissal because they are either not persons subject to suit under § 1983 (State Officials) or because they are entitled to immunity from suit (Brittany Scott and John Waelde are entitled to prosecutorial immunity and Judges Kinlaw and Miller are entitled to judicial immunity).   Therefore, the Court finds that Defendants should be summarily dismissed.

## CONCLUSION

Accordingly, the Court agrees with the recommendation of the Magistrate Judge as to the portion of the Report discussed above.[3]   This action is **DISMISSED** without issuance of service of process and without leave to amend.[4]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 24, 2024
Spartanburg, South Carolina

---

[3] The Court notes that, with respect to the Magistrate Judge's analysis of Plaintiff's malicious prosecution, the Magistrate Judge's conclusion appears to be based upon an outdated understanding of "favorable termination."  See *Thompson v. Clark,* 142 S. Ct. 1332 (2022).  However, as there are other grounds for dismissal, the Court will not expand this point.

[4] The motion to expedite [16] is **FOUND as MOOT**.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.